YOUNG v. GREAT AM. INS. CO. OF N.Y.

[359 N.C. 58 (2004)]

Remanded for further proceedings not inconsistent with this opinion.

**REMANDED.**

═══════════════

CHRISTOPHER YOUNG v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, CITY OF FAYETTEVILLE, APRIL S. WORTHAM, OPHELIA PECHIE, AND SHANNON STECK PEELE

No. 54A04

(Filed 7 October 2004)

**Insurance— law enforcement liability policy—sexual assaults by officer**

The decision of the Court of Appeals in this case is reversed for the reason stated in the dissenting opinion in the Court of Appeals that a law enforcement liability insurance policy did not provide coverage for sexual assaults by a police officer after traffic stops and an accident investigation because the officer did not commit the sexual assaults "while performing law enforcement duties" as required for coverage under the policy.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 162 N.C. App. 87, 590 S.E.2d 4 (2004), reversing an order and judgment entered 6 August 2002 by Judge James F. Ammons, Jr. in Superior Court, Cumberland County. Heard in the Supreme Court 15 September 2004.

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for defendant-appellant Great American Insurance Company.*

*White & Stradley, LLP, by J. David Stradley, for defendant-appellees April S. Wortham, Ophelia Pechie, and Shannon Steck Peele.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

**REVERSED.**